## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SAMAD MADIR HARVEY,**

       **Petitioner,**

**v.**                                                    **CIVIL ACTION NO. 1:14CV107**
                                                          **CRIMINAL ACTION NO. 1:13CR5**
**UNITED STATES OF AMERICA,**                    (Judge Keeley)

       **Respondent.**

### MEMORANDUM ORDER AND OPINION ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 14], DENYING THE MOTION, DENYING A CERTIFICATE OF APPEALABILITY [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE

On June 20, 2014, the petitioner, Samad Madir Harvey ("Harvey"), filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Dkt. No. 1). On November 21, 2014, the Honorable John S. Kaull, United States Magistrate Judge, issued his Report and Recommendation ("R&R"), recommending that the Court deny and dismiss Harvey's claims with prejudice (Dkt. No. 14). On December 8, 2014, Harvey objected to the R&R's recommendations (Dkt. No. 16). The question presented is whether counsel was ineffective by failing to object to the jury composition and failing to request a competency hearing. For the reasons that follow, the Court **FINDS** that counsel was not ineffective, **ADOPTS** the R&R in its entirety, **DENIES** Harvey's motion, **DENIES** a certificate of appealability, and **DISMISSES** the case **WITH PREJUDICE**.

**MEMORANDUM ORDER AND OPINION ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 14], DENYING THE MOTION, DENYING A CERTIFICATE OF APPEALABILITY [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

## BACKGROUND

**A. Jury Trial, Motion for New Trial, and Appeal[1]**

On April 18, 2013, a jury convicted Harvey of being a felon in possession of a firearm (Dkt. No. 35).  On May 20, 2013, Harvey's counsel, Assistant Federal Public Defender L. Richard Walker, filed a motion for a new trial (Dkt. No. 43), which the Court denied on July 25, 2013 (Dkt. No. 52).  At that time, it sentenced him to 77 months of incarceration, with credit for time served, to be followed by 3 years of supervised release (Dkt. No. 54).  Harvey appealed the denial of his motion for a new trial and the Fourth Circuit affirmed his conviction and sentence.  United States v. Harvey, 564 F. App'x 19 (4th Cir. 2014)(per curiam).

**B. §2255 Motion**

On June 20, 2014, proceeding pro se, Harvey filed a motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Dkt. No. 1).  Harvey's petition asserts five claims:

> 1.  Counsel was ineffective for failing to object to the composition of the petit jury, which was comprised

---

[1] Unless otherwise noted, the citations in this subsection refer to Harvey's criminal case, Case No. 1:13CR5, while the citations in the remainder of this Memorandum Opinion and Order refer to the instant civil action, Case No. 1:14CV107.

**MEMORANDUM ORDER AND OPINION ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 14], DENYING THE MOTION, DENYING A CERTIFICATE OF APPEALABILITY [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

entirely of white individuals;

2.  Counsel was ineffective for failing to request the fingerprint analysis report and for failing to argue that the government committed a Brady violation by not disclosing this information;

3.  Counsel was ineffective for not requesting a mental competency evaluation;

4.  The trial court committed error by allowing a violation of Batson v. Kentucky, 476 U.S. 79 (1986), to occur; and

5.  Counsel was ineffective on appeal for failing to raise the issues described above

(Dkt. No. 1 at 6-19).

The government filed its response on September 5, 2014, arguing that Claims One, Two, and Three are procedurally defaulted (Dkt. No. 9).  Magistrate Judge Kaull issued his R&R on November 21, 2014 (Dkt. No. 4).  On December 8, 2014, Harvey objected to the R&R's recommendations that the Court dismiss Claims One and Three (Dkt. No. 16).  The matter is now fully briefed and ripe for disposition.

## §2255 STANDARD

Title 28 U.S.C. §2255(a) permits federal prisoners in custody to assert the right to be released if "the sentence was imposed in violation of the Constitution or laws of the United States," if "the court was without justification to impose such sentence," or if "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  A petitioner bears the

**MEMORANDUM ORDER AND OPINION ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 14], DENYING THE MOTION, DENYING A CERTIFICATE OF APPEALABILITY [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

burden of proving such grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

### STANDARD OF REVIEW

In reviewing a Report and Recommendation, the Court reviews de novo any portions to which a specific objection is made. 28 U.S.C. § 636(b)(1). The objection must be sufficient "so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). It may, however, adopt without explanation any of the magistrate judge's recommendations to which no objections are filed. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983); see also Nettles v. Wainwright, 656 F.2d 986, 986-87 (5th Cir. 1981). A failure to file specific objections "waives appellate review of both factual and legal questions." Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). When no objections are made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).

**MEMORANDUM ORDER AND OPINION ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 14], DENYING THE MOTION, DENYING A CERTIFICATE OF
APPEALABILITY [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

**APPLICABLE LAW**

In <u>Strickland v. Washington</u>, the Supreme Court of the United States held that a petitioner must meet a two-part test to establish ineffective assistance of counsel.  466 U.S. 668,687 (1984).  The petitioner must first prove that counsel's performance was deficient, and then that such deficient performance prejudiced the defense.  <u>Id.</u> at 687.

To assess the first prong, the court reviews the attorney's performance against an objective standard of reasonableness.  <u>Id.</u> at 687-89.  In making this determination, there is a strong presumption that counsel's conduct was within the wide range of competence demanded from attorneys.  <u>Id.</u> at 689.  The court may not second-guess counsel's decisions which, given the totality of the circumstances, "might be considered sound trial strategy."  <u>Id.</u> (<u>quoting</u> <u>Michel v. Louisiana</u>, 350 U.S. 91, 101 (1955)).

Second, to establish prejudice, a defendant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  <u>Strickland</u>, 466 U.S. at 694.  If the defendant has not prevailed on one prong of the test, the court need not consider the other.  <u>Id.</u> at 697.

**MEMORANDUM ORDER AND OPINION ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 14], DENYING THE MOTION, DENYING A CERTIFICATE OF
APPEALABILITY [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

Furthermore, "[i]n order to obtain an evidentiary hearing on [an] ineffective assistance claim[,] . . . a habeas petitioner must come forward with some evidence that the claim might have merit." Bridges v. United States, Nos. 1:05CV96, 1:05CR80(1), 2008 WL 2945489, at *5 (N.D.W. Va. July 28, 2008) (citing Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), cert. denied, 507 U.S. 923 (1993), abrogation on other grounds recognized, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999)). Bald assertions amounting to nothing more than conclusions provide no basis for an evidentiary hearing. Bridges, 2008 WL 2945489, at *5.

Additionally, the standard in the Fourth Circuit for ineffective assistance of appellate counsel is generally the same as that for trial counsel. See Strickland, 466 U.S. at 687; Bell v. Jarvis, 562 F.3d 149, 164 (4th Cir. 2000). Appellate counsel is to "examine the record with a view to selecting the most promising issues for review." Bell, 562 F.3d at 164 (quoting Jones v. Barnes, 461 U.S. 745, 752 (1983) (internal quotation marks omitted)).

When analyzing claims of ineffective assistance of appellate counsel, reviewing courts must accord counsel the "presumption that he decided which issues were most likely to afford relief on

**MEMORANDUM ORDER AND OPINION ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 14], DENYING THE MOTION, DENYING A CERTIFICATE OF APPEALABILITY [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

appeal." <u>Id.</u> (quoting <u>Pruett v. Thompson</u>, 996 F. 2d 1560, 1568 (4th Cir. 1993)). Generally, a petitioner can only overcome the presumption of effective assistance of counsel "when ignored issues are clearly stronger than those presented . . . ." <u>Smith v. Robbins</u>, 528 U.S. 259, 288 (2000) (quoting <u>Gray v. Greer</u>, 800 F. 2d 644, 646 (7th Cir. 1986) (internal quotation marks omitted)).

## ANALYSIS

In its response to Harvey's § 2255 motion, the government argues that Claims One, Two, and Three, which he did not raise on direct appeal, are procedurally defaulted because they do not satisfy the "cause and prejudice" or actual innocence exceptions that would excuse his procedural default (Dkt. No. 9 at 6-15 (citing <u>Strickland</u>, 466 U.S. at 668)). As Magistrate Judge Kaull noted in his R&R, however, "claims of ineffective assistance of counsel not raised on direct appeal and raised in collateral attack do not require a 'cause and prejudice' showing because these claims are more appropriately raised in a collateral attack than on direct appeal (Dkt. No. 14 at 4 (citing <u>United States v. Richardson</u>, 195 F.3d 192, 198 (4th Cir. 1999))). Accordingly, the Court will consider Harvey's claims of ineffective assistance.

**MEMORANDUM ORDER AND OPINION ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 14], DENYING THE MOTION, DENYING A CERTIFICATE OF APPEALABILITY [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

## A. Claims Two, Four and Five

Harvey did not object to Magistrate Judge Kaull's recommendation that the Court dismiss Claims Two, Four, and Five. Finding no clear error, the Court **ADOPTS** the recommendation in the R&R and **DISMISSES** Claims Two, Four, and Five **WITH PREJUDICE**. See Webb, 468 F. Supp. at 825.

## B. Ineffective Assistance of Counsel

### 1. Claim One

Harvey first claims that counsel was ineffective for failing to object to the alleged violation of the "fair cross section" requirement. "The Sixth Amendment secures to criminal defendants the right to be tried by an impartial jury drawn from sources reflecting a fair cross-section of the community." Berghuis v. Smith, 559 U.S. 314, 319 (2010). In order to establish a prima facie violation of the fair-cross section requirement, a defendant must show:

> (1) that the group alleged to be excluded is a "distinctive" group in the community;(2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

Duren v. Missouri, 439 U.S. 357, 364 (U.S. 1979).

8

**MEMORANDUM ORDER AND OPINION ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 14], DENYING THE MOTION, DENYING A CERTIFICATE OF
APPEALABILITY [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**


Harvey claims "trial counsel was constitutionally ineffective for failing to assure that a complete cross-section of the community was represented in [his] jury pool and impaneled jury." (Dkt. No. 1). According to Harvey, his equal protection rights were violated by the inclusion of only white persons on the petit jury, and counsel was ineffective for failing to raise the issue. Id. at 8. In support of his claim, Harvey filed an affidavit, stating

> A review of West Virginia voter statistics for 2013 is:
> Black or African Americans in Harrison and Monongalia
> Counties is 7.2%

(Dkt. No. 12 at 1). Magistrate Judge Kaull recommended dismissing the claim because, while African-Americans are a distinct group, Harvey neither established that African-Americans were unfairly represented in the jury venire, nor that the procedures implemented by the District's jury plan "systematically" exclude African-Americans from the jury selection process (Dkt. No. 14 at 9). Additionally, Magistrate Judge Kaull explained that Harvey's jury venire was not chosen solely from the two counties cited in his

**MEMORANDUM ORDER AND OPINION ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 14], DENYING THE MOTION, DENYING A CERTIFICATE OF <u>APPEALABILITY [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE</u>**

motion, but rather, from nine additional counties.[2] The United States District Court for the Northern District of West Virginia has a plan to select grand and petit juries ("The Plan"), establishing that African-Americans are not systematically excluded from the jury venire.[3] <u>Id.</u> at 8-9.

Harvey "specifically object[ed] to the Magistrate's determination that he received a fair jury pool selection and that his lawyer was not ineffective for failing to challenge the lack of African-Americans." (Dkt. No. 16 at 8). Relying on erroneous calculations regarding the percentage of African-Americans in the district, he reiterates that his jury was not drawn from a fair cross-section of the community. <u>Id</u>.

---

[2] In addition to Harrison and Monogalia counties (the two Harvey cited), the jury venire was chosen from Braxton, Calhoun, Doddridge, Gilmer, Marion, Pleasants, Preston, Ritchie, and Taylor Counties. L.R. Gen. P. 77.02.

[3] The United States District Court for the Northern District of West Virginia has instituted its "Plan Prescribing Method for the Composition of Jury Wheels and the Qualification and Random Selection of Grand and Petit Jurors," in compliance with 28 U.S.C. § 1863. The purpose of the Plan is to ensure that "all litigants entitled to a trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the counties comprising the divisions wherein the Court is convened." Plan § 1.02. Prospective jurors are randomly selected from a master list of individuals registered to vote in the counties within the division and individuals who are listed as licensed drivers by the West Virginia's Division of Motor Vehicles. Plan, § 2.03.

**MEMORANDUM ORDER AND OPINION ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 14], DENYING THE MOTION, DENYING A CERTIFICATE OF APPEALABILITY [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

In support of his argument, Harvey provides the following review of the voter statistics for the nine additional counties from which his jury venire was selected:

```
Pleasants, 2013 African-Americans: 1.5%
Braxton,   2013 African-Americans: 0.6%
Preston,   2013 African-Americans: 1.3%
Ritchie,   2013 African-Americans: 0.3%
Marion,    2013 African-Americans: 3.6%
Calhoun,   2013 African-Americans: 0.3%
Doddridge, 2013 African-Americans: 1.6%
Gilmer,    2013 African-Americans: 12.8%
Taylor,    2013 African-Americans: 1.0%
```

(Dkt. No. 16 at 9).[4]

Relying on these statistics, Harvey claims that "this amounts to a 23% distinctive group to choose from, and with the percentage demonstrated in the rely [sic] brief the total is 30.2% of the surrounding communities are African Americans." Id. at 9. These numbers are incorrect because Harvey erroneously calculated the sum, rather than the average of all of the percentages. In order to reach the conclusion that African-Americans comprise 30.2% of the community, he improperly added together the percentage of

---

[4]  These statistics can also be found at: http://www.indexmundi.com/facts/united-states/quick-facts/west-virginia/black-population-percentage.

**MEMORANDUM ORDER AND OPINION ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 14], DENYING THE MOTION, DENYING A CERTIFICATE OF
APPEALABILITY [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

African-American voters in each county to create an artificially
large figure.  To determine the correct percentage of African-
American voters within all eleven counties, it is necessary to
compute the average of these percentages, which is approximately
2.7%.  The correct figure thus is dramatically smaller than the one
provided by Harvey.  He cannot establish that African-Americans
were not fairly and reasonably represented in the jury venire, and
therefore has failed to satisfy the second prong of the Duren test.

Harvey also has presented no evidence, and the Court has not
found any, to support his argument that the jury selection
procedures implemented "systematically" exclude African-Americans.
Thus, Harvey also has failed to satisfy the third prong of the
Duren test.  Given this, the Court finds that counsel was not
ineffective for failing to challenge the composition of Harvey's
petit jury. See Wheeler v. United States, Nos. 3:10cv13, 3:07cr70-
3, 2011 WL 2491376, at *19 (N.D.W. Va. Apr. 25, 2011).  The Court
therefore **ADOPTS** the recommendation in the R&R as to Claim One and
**DISMISSES** the claim **WITH PREJUDICE**.

**MEMORANDUM ORDER AND OPINION ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 14], DENYING THE MOTION, DENYING A CERTIFICATE OF APPEALABILITY [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

### 2.    Claim Three

Next, Harvey claims that counsel was ineffective for failing to request a competency evaluation.  "A defendant has a due process right not to be tried for, or plead guilty to, a criminal offense unless he is competent." Bell v. Evatt, 72 F.3d 421, 431 (4th Cir. 1995) (citing Medina v. California, 505 U.S. 437, 453 (1992)).  To be competent, a criminal defendant must have "sufficient present ability to consult with his or her lawyer with a reasonable degree of understanding" and have "a rational as well as factual understanding of the proceedings." United States v. Taylor, 437 F.2d 371, 375 (4th Cir. 1971) (citing Dusky v. United States, 362 U.S. 402, 402 (U.S. 1960)).  If at any time after the prosecution and prior to sentencing there is "reasonable cause to believe the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense," the district court must hold a hearing regarding that defendant's competency. 18 U.S.C. § 4241(a).

Harvey contends that he was denied effective assistance of counsel because his attorney did not ask the Court to order a

**MEMORANDUM ORDER AND OPINION ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 14], DENYING THE MOTION, DENYING A CERTIFICATE OF APPEALABILITY [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

mental health evaluation (Dkt. No. 1 at 17-19).  He asserts that counsel "was fully aware prior to trial that [he] suffered from a mental illness and should have been diagnosed prior to trial to assure that he was competent to stand trial."  Id. at 13.

Magistrate Judge Kaull recommended dismissing the claim because "it is clear from the record that Petitioner's counsel considered his mental capacity" and "nothing from the record 'generate[d] a real, substantial, and legitimate doubt as to the mental capacity of the petitioner to meaningfully participate and cooperate with counsel during the trial.'" (Dkt. No. 14 at 13).

Harvey specifically objected to this recommendation, asserting that "had counsel conducted a thorough investigation he would have uncovered . . . that Harvey did not attend public schools[,]" but rather was placed in the Alpha School in New Jersey "because he did not have the capacity to deal with the everyday ventures that a normal individual might face." (Dkt. No. 16 at 2-3).  Harvey contends these records support his claim that he has trouble distinguishing between right and wrong, but offers no evidence or reasoning in support of that contention.  Id. at 4.

**MEMORANDUM ORDER AND OPINION ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 14], DENYING THE MOTION, DENYING A CERTIFICATE OF APPEALABILITY [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

### a. Alpha School Records

Harvey's assertion that counsel failed to investigate his attendance at the Alpha School is incorrect; in his sentencing memorandum, which "endeavors to highlight the mitigating factors" and "assist the Court in reaching a determination with regard to the most appropriate sentence," his attorney discussed that Harvey's attendance at the Alpha School evidences his troubled past (Case No. 1:13CR5, Dkt. No. 51 at 8-9). The sentencing memorandum noted that "Mr. Harvey took special education classes for the neurologically impaired ('N.I.') at the Alpha School in Lakewood." Id. at 8. He further explained that, based upon improved behavior and self-discipline, Harvey was allowed to attend a less restrictive school; however, he later returned to the Alpha School after his behavioral problems resurfaced. Id. at 9.

A claim made by Harvey that consideration of the Alpha School records would have produced a different result in his case is without merit because the Court did consider them. Further, Harvey has offered no evidence that the mere fact that he attended the Alpha School as a youth had any effect on his "present ability to consult with his lawyer with a reasonable degree of rational understanding" or his ability to gain a "rational" and "factual

**MEMORANDUM ORDER AND OPINION ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 14], DENYING THE MOTION, DENYING A CERTIFICATE OF
APPEALABILITY [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

understanding of the proceedings against him." See United States
v. Fair, 246 F. App'x 238, 239 (4th Cir. 2007)(citing Dusky v.
United States, 362 U.S. 402, 402 (1960)).

### b. Failure to Request a Mental Competency Evaluation

Harvey claims that, as a result of the Court's alleged failure
to consider the Alpha School records, it improperly determined his
IQ, and that determination adversely altered the result of his
proceedings (Dkt. No. 16 at 6).  In support of his claim, Harvey
references comments made by defense counsel during his sentencing
hearing about his IQ.  Id.  He argues that counsel was incompetent
because he merely speculated as to what his IQ might be.  Id.
Harvey relates this to the Alpha School records by arguing that,
had the Court known about the Alpha School, a different
determination would have been made as to his IQ — that it would
"have trouble reaching 50."  Id. at 6-7.  Again, this argument is
without merit because the Court did, in fact, know about the Alpha
School records.

Further, the record clearly indicates that the Court
considered Harvey's mental capacity.  The Presentence Investigation
Report ("PSR") prepared by the United States Probation Officer
contains information regarding Harvey's neurological impairment and

**MEMORANDUM ORDER AND OPINION ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 14], DENYING THE MOTION, DENYING A CERTIFICATE OF APPEALABILITY [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

troubled childhood (Case No. 1:13CR5, Dkt. No. 81). The detailed sentencing memorandum prepared by defense counsel thoroughly discusses his issues and diagnoses, including his "neurological impairment and learning disorder," as well as his "abuse, neglect and abandonment as a child." (Case No. 1:13CR5, Dkt. No. 51). Therefore, Harvey cannot establish that defense counsel's performance was "deficient." Strickland, 466 U.S. at 687. He also offered no evidence that the result of the proceedings would have been different had counsel ordered a competency evaluation.

Because Harvey can establish neither deficient performance nor actual prejudice, his argument fails both prongs of the Strickland test. Id. The Court therefore finds that counsel was not ineffective for failing to request a mental competency evaluation, **ADOPTS** the recommendation in the R&R as to Claim Three, and **DISMISSES** it **WITH PREJUDICE**.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the Court denies the certificate, "the parties may not appeal the denial but may seek a

**MEMORANDUM ORDER AND OPINION ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 14], DENYING THE MOTION, DENYING A CERTIFICATE OF APPEALABILITY [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Harvey has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). After thoroughly reviewing the record, the Court concludes that Harvey has failed to make the requisite showing, and **DENIES** a certificate of appealability.

**CONCLUSION**

For the discussed reasons, the Court **ADOPTS** the Report and Recommendation in its entirety (Dkt. No. 14) **DENIES** Harvey's 28 U.S.C. § 2255 motion (Dkt. No. 1), and **DENIES AS MOOT** Harvey's motion for counsel (Dkt. No. 20). The Court **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket.

**MEMORANDUM ORDER AND OPINION ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 14], DENYING THE MOTION, DENYING A CERTIFICATE OF APPEALABILITY [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

Pursuant to Fed. R. Civ. P. 58, the Court **DIRECTS** the Clerk to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

DATED:    August 5, 2016


                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE